IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AVINA,

      Plaintiff,                    No. CIV S-02-2661 FCD KJM P

    vs.

J.C. MEDELLIN, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 28 U.S.C. § 1983. On October 3, 2005, plaintiff filed a motion asking that defendants Phillips, Medellin and Rocha be held in default. From the court's docket it appears that none of these defendants have been served with process or waived service of process.[1] Therefore, defendants Phillips, Medellin and Rocha are not yet required to plead. Fed. R. Civ. P. 12(a) & 55. Plaintiff's motion for default will be denied.

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel

---

[1] The court is issuing a separate order addressing the status of service of defendants Phillips, Medellin and Rocha.

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 3, 2005 request for entry of default is denied; and

2. Plaintiff's September 12, 2005 request for the appointment of counsel is denied;

DATED:  November 18, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
avin2661.def