IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AVINA,

        Plaintiff,                    No. CIV S-02-2661 FCD KJM P

    vs.

J.C. MEDELLIN,

        Defendant.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. By order of July 27, 2009, the U.S. Court of Appeals for the Ninth Circuit reversed this court's dismissal of plaintiff's due process claim, wherein he contends he was denied the opportunity to be heard before his validation as a gang member and placed in a segregated housing unit.[1] The Ninth Circuit issued a mandate of its judgment on August 10, 2009.

        The Ninth Circuit remanded the due process claim with instructions for this court to "determine who were the critical decisionmakers [in the housing assignment], and whether Avina received a meaningful opportunity to present his views on the issue of [gang] validation." Ninth Circuit Memorandum (docket no. 119) at 3. In accordance with this instruction, the court

---

[1] The Ninth Circuit affirmed the dismissal of plaintiff's other claims.

1

will set this matter for trial on the due process claim. The parties will have thirty days from the entry of this order in which to request any pre-trial relief they deem is warranted under the Federal Rules of Civil Procedure and the Local Rules of this court.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff's request for the appointment of counsel will therefore be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for appointment of counsel (docket no. 120) is denied; and

2. This case is set for trial before Senior U.S. District Judge Frank C. Damrell, Jr., on August 17, 2010, at 9:00 a.m. The parties have thirty days from the entry of this order in which to request any pre-trial relief they deem is warranted under the Federal Rules of Civil Procedure and the Local Rules of this court.

DATED: November 12, 2009.

_____
U.S. MAGISTRATE JUDGE