IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AVIÑA,

       Plaintiff,               No. CIV S-02-2661 FCD KJM P

    vs.

J.C. MEDELLIN,

       Defendant.          ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. On July 27, 2009, the Ninth Circuit vacated this court's ruling that plaintiff had not exhausted his administrative remedies with respect to his due process claim that he received insufficient opportunity to be heard on his validation as a gang associate and subsequent confinement to a security housing unit (SHU).[1] See Mem. Op. at 2-3 (Docket No. 119). The Ninth Circuit remanded this action "so that the district court can determine who were the critical decisionmakers [in reclassifying plaintiff for reassignment to SHU], and whether Aviña received a meaningful opportunity to present his views on the issue of validation." Id. at 3.

/////

---

[1] The Ninth Circuit affirmed the court's ruling that plaintiff failed to exhaust administrative remedies with respect to his First and Eighth Amendment claims.

1

1        After the Ninth Circuit issued its mandate, this court gave both parties time to file

2   requests or motions for pre-trial relief they deemed warranted.  Both parties have moved for

3   summary judgment, which the court has taken under consideration.  Plaintiff has also requested

4   that the court reconsider its denial of the appointment of counsel and that the court re-open

5   discovery.  Having reviewed both of plaintiff's requests, the court finds that both should be

6   denied.   In certain exceptional circumstances, the court may request the voluntary assistance of

7   counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir.

8   1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The Ninth Circuit

9   affirmed the court's denial of plaintiff's initial motion for appointment of counsel, <u>see</u> Mem. Op.

10   at 3, and despite that court's reversal of this court's due process ruling, nothing in the factual or

11   legal nature of this case has changed that would warrant the appointment of counsel at this stage.

12   Furthermore, plaintiff only makes a cursory suggestion of re-opening discovery.  Nothing in the

13   text of his filing states why such a measure would be warranted.  He therefore has not provided

14   the court with good cause to re-open discovery.

15           Accordingly, IT IS HEREBY ORDERED that:

16           1.  Plaintiff's motion for reconsideration (Docket No. 124) is denied; and

17           2.  Plaintiff's request to re-open discovery (Docket No. 125-4) is denied.

18   DATED:  February 22, 2010.

19

20

21                                     _____

22                      U.S. MAGISTRATE JUDGE

23

24

25

26   <sup>4</sup>
      avin2261.ord