IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AVIÑA,

    Plaintiff,                    No. CIV S-02-2661 FCD KJM P

    vs.

J.C. MEDELLIN,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983.  On July 27, 2009, the Ninth Circuit vacated this court's ruling that plaintiff had not exhausted his administrative remedies with respect to his due process claim that he received insufficient opportunity to be heard on his validation as a gang associate and subsequent confinement to a security housing unit (SHU).[1]  <u>See</u> Mem. Op. at 2-3 (Docket No. 119).  The Ninth Circuit remanded this action "so that the district court can determine who were the critical decisionmakers [in reclassifying plaintiff for reassignment to SHU], and whether Aviña received a meaningful opportunity to present his views on the issue of validation."  <u>Id.</u> at 3.

/////

---

[1] The Ninth Circuit affirmed the court's ruling that plaintiff failed to exhaust administrative remedies with respect to his First and Eighth Amendment claims.

1

After the Ninth Circuit issued its mandate, this court gave both parties time to file requests or motions for pre-trial relief they deemed warranted. Both parties have moved for summary judgment, which the court has taken under consideration. Plaintiff has also requested that the court reconsider its denial of the appointment of counsel and that the court re-open discovery. Having reviewed both of plaintiff's requests, the court finds that both should be denied. In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The Ninth Circuit affirmed the court's denial of plaintiff's initial motion for appointment of counsel, see Mem. Op. at 3, and despite that court's reversal of this court's due process ruling, nothing in the factual or legal nature of this case has changed that would warrant the appointment of counsel at this stage. Furthermore, plaintiff only makes a cursory suggestion of re-opening discovery. Nothing in the text of his filing states why such a measure would be warranted. He therefore has not provided the court with good cause to re-open discovery.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (Docket No. 124) is denied; and

2. Plaintiff's request to re-open discovery (Docket No. 125-4) is denied.

DATED: February 22, 2010.

_____
U.S. MAGISTRATE JUDGE

4
avin2261.ord