IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE AVIÑA,

        Plaintiff,                    No. CIV S-02-2661 FCD KJM P

   vs.

J.C. MEDELLIN, et al.,

        Defendants.        <u>ORDER</u>

      /

        Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Plaintiff has moved for an extension of time to disclose the identity of his expert witness. He has also moved to supplement the record for the purpose of raising yet again his motion for the appointment of counsel, which the court has denied.

I. <u>Procedural Background</u>

        On July 27, 2009, the Ninth Circuit vacated this court's ruling that plaintiff had not exhausted his administrative remedies with respect to his due process claim that he received insufficient opportunity to be heard on his validation as a gang associate and subsequent confinement to a security housing unit (SHU).[1] <u>See</u> Memorandum Opinion at 2-3 (Docket No.

---

[1] The Ninth Circuit affirmed the court's ruling that plaintiff failed to exhaust administrative remedies with respect to his First and Eighth Amendment claims.

1

119). The Ninth Circuit remanded this action "so that the district court can determine who were the critical decisionmakers [in reclassifying plaintiff for reassignment to SHU], and whether Aviña received a meaningful opportunity to present his views on the issue of validation." Id. at 3.

After the Ninth Circuit issued its mandate, this court gave both parties time to file requests or motions for pre-trial relief they deemed warranted. Both parties moved for summary judgment, which the court has taken under consideration. Plaintiff also requested that the court reconsider its denial of the appointment of counsel and that the court re-open discovery. The court denied both requests. The court explained that, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), and, further, that the Ninth Circuit had affirmed the court's denial of plaintiff's initial motion for appointment of counsel. Finding "nothing in the factual or legal nature of this case has changed that would warrant the appointment of counsel at this stage," the court denied the request for appointment of counsel. Order at 2 (Docket No. 130). The court further found that plaintiff had shown no good cause to re-open discovery. Id.

II. Motion To Supplement Record

The court construes plaintiff's motion to supplement the record as yet another request for appointment of counsel. Plaintiff argues that his access to the prison law library and the limited resources there constitute extraordinary circumstances that necessitate the appointment of counsel. Plaintiff thus invokes his right of access to the court, which includes reasonable access to a law library and legal materials. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). However, there is no freestanding constitutional right to law library access for prisoners; law library access serves as one means of ensuring the constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of

Corrections, 776 F.2d 851, 858 (9th Cir. 1985).  An inmate is also entitled to adequate materials for drafting submissions to the courts: "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them."  Bounds, 430 U.S. at 824-25.

By alleging his right of access to the court has been so impeded that it rises to the level of an "exceptional circumstance" warranting appointment of counsel, plaintiff subjects his latest request for counsel to the same inquiry the court applies to inmates who claim their access to the law library has been unconstitutionally restricted.  A prisoner claiming that his right of access to the courts has been violated due to blocked access to the prison library must show: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  It is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis, 518 U.S. at 348.

> [T]he inmate... must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351.

Plaintiff has failed to demonstrate that he has been prejudiced by any restricted access to the prison library or that the resources of the library are so inadequate that he must be appointed a lawyer.  To the contrary, the docket provides ample evidence of plaintiff's unfettered access to the court: since the Ninth Circuit remanded his case for trial, plaintiff has submitted, among other things, a motion for summary judgment within the time allowed by the court

3

(Docket No. 125) and an opposition to defendants' motion for summary judgment (Docket No. 127). Between May 5 and May 17, 2010, he filed the two motions addressed in this order, two motions in limine and three other motions for miscellaneous relief concerning the trial currently set for August 17, 2010 (Docket Nos. 134-137, 139-141). In short, plaintiff has vigorously prosecuted his case since the Ninth Circuit's remand. Whatever limitations he has experienced with respect to the prison law library have not been "exceptional" under 28 U.S.C. § 1915(e)(1). The motion to supplement the record, construed by the court as a renewed motion for appointment of counsel, will be denied.

III.  Motion To Designate Expert

Plaintiff also has not shown why he should be allowed a very late designation of a yet-to-be-identified expert witness. The motion to extend the time to designate an expert essentially reprises his request to re-open discovery, which the court denied. See Order (Docket No. 130). Given that plaintiff has already moved for summary judgment and that the Ninth Circuit remanded this action "so that the district court can determine who were the critical decisionmakers [in reclassifying plaintiff for reassignment to SHU], and whether Aviña received a meaningful opportunity to present his views on the issue of validation," there still is no good cause to allow any discovery measure including the identification of an expert witness. The motion for additional time to do so will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to supplement the record (Docket No. 134), construed by the court as a renewed motion for appointment of counsel, is denied.

2. Plaintiff's motion for an extension of time in which to identify and disclose expert witnesses (Docket No. 135) is denied.

DATED: June 4, 2010.

U.S. MAGISTRATE JUDGE

4
avin2661ord(3)